PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SEAN M. MEADOWS, | ) | |
| | ) | CASE NO. 4:20-CV-1594 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| WARDEN MARK WILLIAMS, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Respondent. | ) | **AND ORDER** |

 *Pro se* Petitioner Sean M. Meadows has filed an Emergency Petition for a Writ of *Habeas Corpus* under 28 U.S.C. § 2241. ECF No. 1. At the time the Petition was filed, Petitioner was a federal inmate incarcerated at FCI Elkton. *Id.* at PageID #: 3. Petitioner is now incarcerated at Yazoo City USP.[1] He seeks immediate release to home confinement due to the purported COVID-19 outbreak at FCI Elkton. Petitioner alleges that Respondent failed to provide him with adequate protection from COVID-19 in violation of his rights under the Eighth Amendment. ECF No. 1.

 Promptly after the filing of a *habeas corpus* petition, a federal district court must undertake a preliminary review of the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing *Habeas Corpus* Cases Under Section 2254 (applicable to petitions under § 2241

---

 [1] *See* Bureau of Prisons Inmate Locator, bop.gov/inmateloc/ (last visited March 31, 2021).

(4:20-CV-1594)

pursuant to Rule 1(b)).  If so, the petition must be summarily dismissed.  *Id.*; *Day v. McDonough*, 547 U.S. 198, 207 (2006).

Upon review, the Court finds that the instant Petition must be dismissed as moot.  The Petition challenges the conditions of Petitioner's confinement at FCI Elkton, but Petitioner is no longer confined at that institution.  "A *habeas* claim that does not challenge the validity of a criminal judgment ordinarily is moot when the condition at issue has abated or the inmate has been transferred to another facility."  *Avery v. Phillips*, No. 2:14-CV-01276-STA-egb, 2016 WL 94143, at *4 (W.D. Tenn. Jan. 7, 2016); *see also Demis v. Sniezek*, 558 F.3d 508, 512-13 (6th Cir. 2009) (affirming district court's dismissal of *habeas* petition as moot when petitioner, challenging regulations related to inmate transfer to community correctional center, was transferred to a community correctional center before his petition was adjudicated).  Because Petitioner is no longer subject to the conditions of confinement at FCI Elkton that his Petition challenges, "no actual injury remains that the Court could redress with a favorable decision."  *Demis*, 558 F. 3d at 513.

Accordingly, the Petition, ECF No. 1, is dismissed pursuant to Rule 4 of the Rules Governing *Habeas Corpus* Cases.


IT IS SO ORDERED.


   March 31, 2021                               */s/ Benita Y. Pearson*
Date                                            Benita Y. Pearson
                                                United States District Judge